# IN THE COURT OF APPEALS OF IOWA

No. 23-0255
Filed December 20, 2023

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JON THOMAS KUCHARO,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Meghan Corbin,

Judge.


A defendant appeals the denial of his motion to dismiss the trial information.

**AFFIRMED.**


Sonia M. Elossais of Carr Law Firm, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee.


Considered by Greer, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

Jon Kucharo was charged by trial information with multiple crimes. He moved to dismiss the trial information on the basis that the prosecutor's signature on the information did not constitute a valid signature because it consisted of "/s/" and a blank underlined space on one line followed by a signature block. In his motion, Kucharo admitted the motion was not filed within forty days of the filing of the trial information, but he asked that his late filing be excused for good cause— the claimed good cause being that the attorney was not Kucharo's first appointed attorney, and the new attorney had been appointed only forty-one days before filing the motion.

The district court denied the motion on the basis that it was untimely. Kucharo appeals. He contends (1) the signature on the trial information was invalid; (2) the forty-day deadline to object to a trial information found in the rules of criminal procedure controls over the thirty-day deadline to object to an invalid signature found in the rules of electronic procedure; and (3) even if the thirty-day deadline applies, the district court abused its discretion by declining to extend the deadline.

Our court has previously expressly rejected Kucharo's first two arguments. In *State v. Mendoza*, we held signatures on a trial information need not be verified and that an identical signature format to that used here[1] satisfied the signature requirements of our electronic rules. ___ N.W.2d ___, 2023 WL 6293861, at *2–3 (Iowa Ct. App. 2023). We also held that, even if the signature was defective in

---

[1] This case and *Mendoza* involve the same county attorney's office.

some way, the defendant was not entitled to dismissal because the claimed defect did not prejudice the defendant. *Id.* at *3 (citing Iowa Rules of Criminal Procedure 2.4(7) and 2.5(5)). In reaching these conclusions, we also held that the thirty-day deadline for challenging the validity of a signature imposed by Iowa Rule of Electronic Procedure 16.305(7) controlled over the forty-day deadline for challenging a trial information imposed by Iowa Rule of Criminal Procedure 2.11(4). *Id.* at *2.

Based on our holding in *Mendoza*, we find no merit in Kucharo's first two arguments. And, because we reject Kucharo's arguments for dismissal on the merits, the issue of whether the district court should have found good cause to extend the deadline for filing his motion is moot, as Kucharo's motion would be properly denied even if it had been timely.

**AFFIRMED.**